**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nima Ghadimi, | No. CV-25-03106-PHX-DJH |
| Plaintiff, | **AMENDED ORDER TO SHOW CAUSE** |
| v. | |
| Arizona Bank & Trust, et al., | |
| Defendants. | |

This Order amends and clarifies the ordering language from the Court's August 27, 2025, Order (Doc. 6).

On August 27, 2025, at 11:30am, *Pro Se* Plaintiff ("Plaintiff") filed a Complaint (Doc. 1) and an accompanying *Ex Parte* Temporary Restraining Order ("TRO") (Doc. 2). The underlying Complaint alleges eight claims including: a deprivation of constitutional rights under *Biven*; a second cause of action for civil conspiracy; a RICO action; a breach of fiduciary duties under Arizona common law; Defamation; Conversion; and lastly Declaratory Relief under 28 U.S.C. § 2201. (Doc. 1 at 21–32). In the TRO currently pending, Plaintiff asks the Court to prevent the bankruptcy trustee of Plaintiff's business from "claiming, receiving, or interfering with any surplus proceeds from the foreclosure of real property located at 10 Kingsport Drive, Newport Coast, California, scheduled for August 27, 2025." (Doc. 2 at 1). Plaintiff states in his TRO Motion that the sale of the property is scheduled for Wednesday, August 27, 2025, at 10:00am. (*Id.*) Plaintiff also avers that there is an underlying bankruptcy appeal pending in this Court. (Doc. 2 at 4).

The Court notes two obvious problems with Plaintiff's motion.  First, the Plaintiff states that the sale of the property in question was due to occur at 10:00am today.  (Doc. 2 at 1).  Plaintiff filed his Complaint and accompanying TRO Motion at 11:30am, after the purported sale.  (Doc. 1); (Doc.2).  The Court at this time is not able to ascertain if the sale has already occurred, as Plaintiff claims, which would moot Plaintiff's TRO Motion entirely.  Secondly, the Court notes that there is an underlying bankruptcy appeal pending in this case based on the sale of the property in question.  (Doc. 2 at 6).  *See Dr. Ghadimi v. Cross*, Case No. 2:24-cv-01992-PHX-GMS.  Plaintiff has not explained why either the Bankruptcy Court or the Court reviewing the Bankruptcy Court's judgment is not better suited to determine both the exigency and the merits of Plaintiff's TRO Motion.  Plaintiff admits that the bankruptcy appeal is seeking to challenge the Bankruptcy Court's October 16, 2023, judgment.  (Doc. 2 at 6).  And yet, Plaintiff does not offer this Court support for why the Bankruptcy Court itself or the Court reviewing the appeal is not the proper venue for the relief Plaintiff seeks.  Based on the reasoning above, the Court is not able to grant the Plaintiff the relief he seeks at this time.

Accordingly,

**IT IS HEREBY ORDERED** on or before **September 2, 2025**, Plaintiff shall show cause, in no more than five (5) pages, why the relief he seeks in the form of an *Ex Parte* TRO is not moot.  Plaintiff shall also explain why this matter was not brought to the attention of the Bankruptcy Court or the Court reviewing the bankruptcy appeal.

**IT IS FURTHER ORDERED** that in addition to mailing Plaintiff a copy of this Order, the Clerk of Court shall email a copy of this Order to Plaintiff at the email address listed on his Complaint: nimaghadimi69@gmail.com.

Dated this 28th day of August, 2025.

Honorable Diane J. Humetewa
United States District Judge